Pierce v. Bowers.

## J. D. PIERCE v. D. S. & MARY BOWERS.

1. CHANCERY PRACTICE. *Judgment of magistrate may be attacked collaterally. When.* A judgment rendered by a magistrate within the prohibited degree of relationship to the plaintiff, without waiver of the incompetency, is absolutely null and void, and its nullity may be made to appear in any proceeding where it is sought to make it available or valid, whether by a collateral attack or otherwise.

2. SAME. *Same. Sec. 4288–90 of the Code construed.* Where a complainant in a bill joins with his own claim that of another, in order to bring his cause within the jurisdiction of the chancery court on the question of amount, the suit upon such acquired claim, not being for the use of its real owner, but in the name of the complainant, must fail

as to both, since the amount of the one is insufficient, and the other is not the property of the complainant, who has lost the benefit of Secs. 4288–90 of the Code, for, having sued in his own name, he is not a creditor in the sense of those sections.

Code cited: Secs. 4288–90.

### FROM CARTER.

Appeal from the Chancery Court.    E. E. GILLEN-WATERS, Chancellor.

JNO. W. TIPTON for complainant.

No counsel marked for defendant.

NICHOLSON, C. J., delivered the opinion of the court.

The bill in this case is filed to set aside a voluntary conveyance of a tract of land, made by D. S. Bowers to his daughter, Mary Bowers, and to subject the land to the satisfaction of two judgments claimed by complainants, which judgments, or the debts on which they were founded, were in existence when the voluntary conveyance was made.

The defense is, that as to the first of the judgments, for about $25, the same is null and void, because rendered by a justice of the peace related within the prohibited degrees to the plaintiff in the suits. It is admitted that the relationship is as alleged, and that there was no waiver of the incompetency of the justice of the peace, as required by the statute. It is insisted, however, that the judgment cannot be attacked collaterally, and must be recognized as valid, until set aside in a direct proceeding. But if the

justice of the peace was incompetent to try the case, the judgment was not merely irregular and voidable, but absolutely null and void. This being so, the fact of its nullity may be made to appear in any proceeding in which it is sought to make it available or valid, and for the reason that it is no judgment at all.

The defense as to the other judgment, which is for about $47, was, that complainant had no interest in the judgment, and, therefore, had no right to sue upon it. The judgment was founded on a note of D. S. Bowers, payable to David Bowers and son. Upon the death of the son, L. A. Bowers, the note passed into the hands of D. Bowers, his administrator, who obtained judgment thereon against D. S. Bowers. This judgment was transferred verbally by the administrator to complainant, without consideration, to enable complainant, by suing upon it in conjunction with his own judgment of $25, to bring his case within the jurisdiction of the chancery court, but complainant had no interest in the judgment, and if he recovered anything by the suit, it was to be paid to the administrator. The suit does not purport to be prosecuted for the use and benefit of the administrator, the real owner, but in complainant's own name, who alleges in his bill that he is the owner of the claim. The administrator had no connection with the suit, as far as the bill shows, except that he was the security of complainant for costs on the prosecution bond, and it was understood between him and complainant that he was to control the suit.

It is said by complainant that he had a right to file the bill under secs. 4288 and 4290 of the Code. But complainant does not file the bill for himself and other creditors of D. S. Bowers, but represents himself alone, and claims to be the creditor of D. S. Bowers by reason of being the owner of both judgments. None but creditors can have the benefit of these sections; they need not be judgment creditors, but they must at least be simple creditors. It is clear that complainant is in no sense a creditor of D. S. Bowers.

The chancellor dismissed the bill for the reason stated, and we affirm his decree, with costs.